# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3470

_____

ERIC DONALD JACKSON,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

September 5, 2018

PER CURIAM.

Eric Donald Jackson admitted to violating his probation and his corrected scoresheet reflected a total of 19 sentencing points. Pursuant to section 775.082(10), Florida Statutes (2015), the trial court was required to sentence Jackson to a nonstate prison sanction. However, the trial court made written findings that Jackson could present a danger to the public if subject only to a nonprison sanction and sentenced Jackson to 5 years' imprisonment. Jackson now raises a constitutional challenge to section 775.082(10), arguing that a jury, not a judge, is required to make the factual findings that were used to increase his punishment beyond the statutory maximum of a nonstate prison sanction.

The outcome of this case is controlled by our recent decision in *Booker v. State*, 244 So. 3d 1151 (Fla. 1st DCA 2018). There, we held that section 775.082(10) was unconstitutional as it applied to Booker because it authorized the trial court to make factual findings that increased his maximum sentence from 1 year in county jail to 4 years in prison contrary to the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). *Booker*, 244 So. 3d at 1163-64; *but see Brown v. State*, 233 So. 3d 1262 (Fla. 5th DCA 2017), *review granted by* 2018 WL 2069393 (Fla. Apr. 9, 2018). Here, the trial court made factual findings that increased Jackson's maximum sentence from 1 year in county jail to 5 years in prison. Thus, as required by our holding in *Booker*, we reverse Jackson's sentence and remand for resentencing under the prior version of section 775.082(10).

REVERSED and REMANDED.

WOLF, LEWIS, and ROWE, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.